In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00172-CR


______________________________




RICHARD LEONAR WHYTUS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 196th Judicial District Court


 Hunt County, Texas


Trial Court No. 24,840




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Richard Leonar Whytus appeals from his conviction by a jury on seven charges of aggravated
assault with a deadly weapon. (1) See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2008). 
The evidence shows that, while quite intoxicated, he drove his car into a daycare full of napping
children. Two workers and several of the children were injured. 

 Whytus has filed a single brief, in which he raises a single issue which is common to all of
his appeals. He argues that the trial court committed reversible error by refusing to submit his
requested charge on the lesser-included offense of assault causing bodily injury.

 We addressed this issue in detail in our opinion of this date on Whytus' appeal in cause
number 06-08-00167-CR. For the reasons stated therein, we likewise conclude that error has not
been shown in this case.

 We affirm the judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 26, 2009

Date Decided: February 27, 2009


Do Not Publish
1. Whytus appeals from seven convictions, all for aggravated assault with a deadly weapon,
cause numbers 06-08-00167-CR through 06-08-00173-CR. 



"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00087-CV

                                                ______________________________

 

 

                               MELVIN EARL GOODSPEED,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 00F0659-202

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Melvin Earl Goodspeed
was convicted of aggravated sexual assault of a child in 2001.  He was sentenced to ninety-nine years
imprisonment and was ordered to pay $237.25 in court costs.  On July 11, 2011, the trial court noticed a
withdrawal of the $237.25 from Goodspeeds inmate
trust account.  Goodspeed
appeals from a withdrawal notification on the grounds that it was issued
outside of the trial courts plenary power, without any notice being given,
and without an itemization of costs.  We
dismiss the appeal for want of jurisdiction. 


            Section 501.014(e) of the Texas
Government Code provides that upon notification by a court, the department
shall withdraw from an inmates account any amount the inmate is ordered to pay
by order of the court under this subsection, and shall make payment as
ordered by the court.  Tex. Govt Code Ann.
§ 501.014(e) (West Supp. 2010).  A
notification to withdraw funds can be issued as payment in full for all orders
for court fees and costs.  Tex. Govt Code Ann.
§ 501.014(e)(4).  Proceedings under this section are civil
in nature and are not part of the underlying criminal case.  Harrell
v. State, 286 S.W.3d 315, 316 (Tex. 2009).

            The Texas Supreme Court held in Harrell that because these post-judgment
collection efforts are designed to reimburse the State, and not to punish the
inmate, due process is satisfied if the inmate receives notice and the
opportunity to be heard after funds are withdrawn.  Id.  The opportunity to be heard can be secured
via motion made by the inmate.  Id. at 321.  Here, it is clear that Goodspeed
received a copy of the withdrawal notice. 
However, unlike the inmate in Harrell,
Goodspeed did not file a motion complaining of the
notice with the trial court.  Instead, he
immediately filed this appeal.  

            As explained in Harrell, a withdrawal
notification is not an order in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  Id. at 316 n.1; Bryant v. State, No. 07-10-0358-CV, 2011 WL 2175769, at *1 n.3
(Tex. App.Amarillo June 3, 2011, no pet.) (mem. op.);
Jewell v. State, No. 061000114CV,
2011 WL 1642769, at *1 (Tex. App.Texarkana Apr. 29, 2011, no pet.) (mem. op.) (The trial courts ruling on the inmates
contest [to a withdrawal notification] is what can be appealed.).  Because a notice of withdrawal is not an
order, there is no final order from which Goodspeed
may appeal.  Williams v. State, 332 S.W.3d 694, 698 (Tex. App.Amarillo 2011,
pet. denied) (citing Ramirez v. State,
318 S.W.3d 906, 908 (Tex. App.Waco 2010, no pet.) (holding that [o]nly when [the withdrawal notification is] properly
challenged and denied relief is there a trial court order that is final from
which the inmate . . . can appeal)). 

            Accordingly, we dismiss the appeal
for want of jurisdiction.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          October 10, 2011

Date
Decided:             October 12, 2011